Felberbaum v. Mandarich Law Group, 22431. Good morning, Your Honors. May it please the Court. Jonathan Cater, Sanders Law Group for the Appellant. We believe that the decision below is clearly erroneous to the extent that it found that there was meaningful involvement by an attorney in reviewing this account and that Mandarich was not operating simply as a debt collector. The evidence is quite clear. We understand that in Miller v. Wolpoff that this Court declined to set any bright-line rules for meaning, to test for meaningful attorney involvement. But here, the Court did state and has adhered to the two most significant pieces for determining whether there was or was not meaningful involvement is the time spent in reviewing the file and whether any legal judgment was involved with the decision to send the letters. Here, there's no evidence in the record that shows that any legal judgment was done. Well, why don't we just focus on the Salyer Declaration? Yes. The affidavit, because that's what I've been focused on, where Mr. Salyer, who is an attorney with Mandarich Law Group, outlines the task that he undertook in connection with this particular account and seems to suggest in different parts of the affidavit that he engaged in a form of legal review of the account so that it was not just a purely ministerial or, you know, review done by some artificial intelligence. It was a person, a lawyer with a law degree. So why isn't that? The first question is why isn't this affidavit sufficient? And the second question is to the extent that we're on summary judgment, what is there in the record that refutes the claims of meaningful legal review made by Mr. Salyer and his affidavit? Yes, Your Honor. With respect to the Salyer Declaration, he states that he checked the last four digits of the account number. He looked to see if the statute of limitations had run, looked to a bankruptcy scrub and a deceased scrub. Those are things that any debt collector must do before sending a collection letter. There's nothing in the declaration or in the debtor history. You don't dispute that he did those things, right? You don't dispute that he did those things, that he reviewed the account statements and the bill of sale and all of those things. Your position is just that that is not legal analysis. Yes, Your Honor. That's exactly the point. So what would a lawyer have to do to say that there was meaningful attorney involvement? Well, I think that at the time, from Clomone v. Jackson, which was 988 F 2nd at 1321, this court said, the attorney sending the letter must have formed an opinion about how to manage the case. Here, there was no opinion for him. So why reviewing the history in the file and all the media and the history of the debt and whether there was a bankruptcy filing or a death or anything like that? Why wasn't that him forming an opinion about how to manage the case? No, it was simply to approve sending a letter. And at that point, it would seem- Isn't that managing the case? Like you're saying, well, it's a valid debt. And so therefore, we should proceed with sending a notice to the debtor. Yes, Your Honor. But what happens if the debtor doesn't pay? What is the next step? Is the attorney formulating an opinion as to how the case will progress if there's not a response to the collection letter? I think that it's- Does he have to do that before they have a response to the collection letter? I would think so, Your Honor, because as this court said in Greco, that if the law firm is acting solely in a capacity of a debt collector at the time it's sending a letter, it needs to include that disclaimer describing the law firm's limited involvement at that time. It would have been different if, in addition to doing all of the review that he did, he also made a determination that if after we send the letter, she refuses to pay, we should sue. Yes, I think that involves- That would have been different. I think that involves legal judgment. But if he had made a judgment that actually, it's all a valid debt and it's owed, and therefore, we should send the collection notice, isn't he made a determination that we should sue if we don't get paid? No. As I said, it's my opinion that every debt collector must make those assessments. And you don't have to be a lawyer to see what the date of last payment was and whether the statute of limitations is run to review a bankruptcy scrub to see if there was a bankruptcy filing. Those are not functions that necessarily need to be performed by lawyers and must be performed by all debt collectors. What if they are performed by a lawyer? Does that transform it into a form of meaningful review that we've described as such in other cases? In other words, this position that you're taking would prevent a law firm from ever having, in a legal capacity, being able to ever review a debt collection issue such that it could issue the letter. No, no, that's not my position, Your Honor. What I'm saying is I think that this court solved that problem in Greco. That if, at the time, the law firm is high volume debt collection practice, is only acting as a debt collector at the time they sent the letter, just add in a footer in your template. Just the disclaimer takes care of everything. Right. To say, at this time, no attorney has been meaningfully involved, and we're not suing you. But that would be misleading, right? Because he was meaningfully involved because he reviewed all the materials and formed an opinion about it. You're saying that there was another notice required because, even though he was meaningfully involved, he wasn't doing legal analysis as distinct from analysis that a non-lawyer could have done. Yes. But that's not to say that there wasn't a lawyer who was meaningfully involved, right? The guy is a lawyer. Yes. And just in terms of ordinary language, would you refer to reading all the materials in the file and forming an opinion about the case as meaningful involvement? No. I think that that is something that could actually be performed by a paralegal or support staff. What we've got here is- Correct. But if a paralegal or support staff had done it, that person would be meaningfully involved, right? No. I don't think that that rises to the level of meaningful involvement. Because, like I said, a non-law firm debt collection agency still must check to see that the statute of limitation has not run to see that the account matches that they're done in the right person to be FDCPA compliant. And you don't have to be a lawyer to be a debt collector. And in the account notes, it just says auto letter add pass. There's nothing in the account notes that Mr. Salyer did not make any notes in the debtor history report saying, I looked at this and I doesn't pay. This is our next step. And in his declaration, all he says is, I made a professional judgment to approve Feller Brown's account for collection and initiated sending the letter. There's nothing about forming an opinion here, a legal opinion. In Miller, this court said legal judgment involved with sending the letters is critical to the inquiry. And the reason that the court in Greco had that disclaimer as Judge, I believe it was Judge Moskoff in the district court in Miller, said the unsophisticated consumer getting a letter from the attorney knows the price of poker has just gone up. And that's what happened here. The plaintiff was very concerned when she got this letter because she thought she was being sued. And I believe that this court effectively solved the problem with the Greco disclaimer. If they're only being a debt collector at the time that they're sending the letter, and you can see that there's no activity in the debtor history report after the letter was sent. Nothing else was done. So we have your argument in mind. You reserve three minutes for rebuttal. Yes, Your Honor. And we'll hear from your friend on the other side. OK. Counsel. Thank you. Were you able to hear everything? Yes, Your Honor. I think I am on a slight delay, so I apologize if that is the case. However, my name is Nicole Strickler, and I represent Bandage Law Group in this appeal. Most of Appellant's arguments in their briefing is based on hypotheticals and simply credibility attacks that are not supported by competent evidence. And in fact, what I heard from counsel in his argument, specifically that there was no evidence that professional judgment was used, is simply controverted by the facts in the record. And I would point the panel to paragraphs 31 to 33 of the Sailor Affidavit, in which he specifically testifies that when he authorized the initial letter to be sent to Ms. Felderbaum, it was his professional opinion that she owed the debt. And that continues to be his professional opinion today. Can you talk specifically about this argument that it's not really meaningful attorney review, as opposed to just what anybody would do, to tick the boxes that were ticked here? And I gather the argument is, if you get a letter from an attorney, it implies you're being sued. But there's no indication here that there was any intent on the part of the law firm to go further beyond sending the letter, which is, I think, the crux of what I heard to be the argument, that without a plan to go forward with a suit, it's really acting as a debt collector, not a meaningful attorney. What's the response to that? Sure. So I don't think there's anything in the records specifically stating that that was the only intent was to send a letter. And in fact, I think if you look at the testimony of Claire Whitlatch about the policy and procedure, what is gone through, every account at Mandridge Law Group is waived for suit. If they don't believe that suit is appropriate, they don't send the letter in the first place. So if a professional opinion is not formed by a specific attorney with the firm that determines the debtor is owed the debt, owes the debt, number one, and that, two, nothing exists within the record, meaning there was no bankruptcy filing, there was no deceased indication, or something else out there that would indicate that suit is inappropriate, that's what triggers the letter to be sent. And that letter is required for debt collectors, including debt collector attorneys, to be sent  to dispute or request validation of the debt. So you're saying that there was a determination that suit would be appropriate? In order for there to be meaningful attorney involvement, does one need to determine we're going to sue this person? I don't think they do. I think that the attorney determines whether or not there are facts sufficient and available to them that the debtor owes the debt, and at that point, that triggers their ability under the law to be able to make a demand for payment. And then, if the debtor does not pay, it's up to the client to instruct the attorney with the attorney's advice as to how to proceed. And I think sometimes, in all facets of litigation, not just in the collection context, that may change, depending upon what the client, or what facts have, I guess, arisen between sending the demand and making the ultimate determination that suit would be filed. Also, I'll just say, from a policy perspective, it really makes no sense for a scenario where, in order for an attorney to be authorized to send a debt collection letter, the next step should automatically be suit. That might not be the case for any number of reasons, but it doesn't change the fact that the attorney has made the professional determination that the letter should be sent to the debtor, and the debtor should be sought for payment. Can I ask you about the history report, which has the two entries that both were entered at the same time? Would it be possible for a jury to conclude from that that Saylor reviewed the file only for a minute? No. The reason why is because there's no testimony in the record that that's actually what those indications mean in the collection notes. That system software is through JST, which is a proprietary software that is licensed to Mandridge Law Group. And the testimony and the record from Claire Whitlatch, who is ultimately familiar with what those indications mean and what those codes mean, states what it means. And all that it means is that attorney Saylor was the attorney at Mandridge Law Group who undertook the review. That's what that means. If there's no other contrary evidence in the record to show it means something different, a jury would not be permitted to make that assumption. So plaintiff's counsel, while he can make argument, can't make unsupported argument that's not supported by facts in the record. And that's what they do completely throughout this appeal. May I ask sort of a slightly separate question? But it's related to what Judge Manasci asked, just out of interest. Is there any instance, and this is out of the record, I appreciate, but is there any instance where the Mandridge Law Group issues a disclaimer? So traditionally, Mandridge Law Group used to have a disclaimer on their letter. However, and I have personal knowledge of this, and I realize it's outside of the record, we no longer do that. And the reason why is, as some of the justices  it would be misleading to put a disclaimer on the particular letter. Because you're saying it's not from an attorney, yeah. Yeah, and it is, it 100% is. They develop a comprehensive system to ensure that meaningful review, it's done on every single account, because they are attorneys. This law firm does not just masquerade as a collection agency, it sues accounts. And my opponent is well aware that they litigate throughout the state courts in New York, often, and throughout the United States. So this is not a mere instance where they're merely sending out these letters and there's no pack to their punch, so to speak. And in all honesty, Ms. Filibon would have been sued, but for the fact that they sued us first. And as we all know, sometimes that puts a pause on things. And they know that too. So that's kind of where we are today. But the fact of the matter is that the Saylor affidavit is completely uncontradicted testimony in the record. And so that's the evidence before the court on summary judgment. Ms. Whitlatch and Mr. Saylor testified in detail about not only the procedures that are in place, but also what actually took place relevant to this account, which is more than adequate in terms of an attorney review. And thus, unless there's any other questions, feel free to cede my time. Thank you very much, Mr. Cato. Thank you, your honors. Yes, your honor. I'd like to make four brief points in response. The first, we heard appellee's counsel state that if the initial collection effort failed, that the client would instruct the attorneys to how to proceed. And I think that if there was meaningful involvement, I don't know why it wouldn't be the other way around, that the attorney would issue a memo to the client. We sent out the letter, if that doesn't work, this is what I suggest is the plan. I think that becomes meaningful attorney involvement. But here, when you look at this, you see. Isn't that what we have? So if the affidavit or the declaration from the supervisor, Claire Whitlatch, says there's a determination that it's appropriate for sue. Obviously, you can't go ahead and sue unless your client wants you to, but you've made a determination that it would be appropriate, right? Well, I do not see that Mr. Salyer, who was handling this account, said anything about that in his declaration. Also at her deposition, Ms. Whitlatch testified to knowing nothing about the account, how much time Mr. Salyer spent. He's in Ohio, she's, I believe she's in Chicago. Can I ask a question about that? There was, I think, more focus in the briefing than in the argument on time spent. And I'm thinking through how the time spent factor applies in a world where we're increasingly learning how to leverage technology to enable us to do things quickly, not substituting for our judgment, but getting rid of all the clerical steps. Does it matter how much time was spent if the various functions that you would expect an attorney to do and the questions to ask and the answers to give can happen very quickly? I would agree with that. But there still is a time component. Like, let's say it was 30 seconds or a minute. I don't see, depending on the volume of what the attorney looked at, if you're going through 30 or 40 pages in a minute or less, then you're just, you're not really absorbing anything. Well, so let's say that we've, instead of having a technology, we've got a paralegal. And we say, okay, I want you to go check the following 15 things, because these are the things I want to make sure we've checked. And the paralegal comes back and there's a one-page checklist with checks on all the boxes. And the attorney looks at that and trusts the paralegal, because they've worked together a long time. Is that meaningful attorney review? I would think that that does get much closer to the marker on it. And so why does it matter whether it's a paralegal or software in an algorithm? Well, because if the software and algorithm takes too much of one's judgment out of the equation, then there's not involvement. Well, what judgment does it take out? There either is or isn't a bankruptcy proceeding pending. There either is or isn't a statute of limitations problem. Right, well, those scrubs are performed electronically according to, or performed by support staff according to Ms. Whitlatch's deposition testimony. So the attorney is just, okay, pass the bankruptcy scrub, pass the deceased scrub. Like I said, every debt collector will do that. But maybe I might be able to help you. If we look at their meaningful involvement policy, which is two pages at pages 126 and 127 of the appendix, there's nothing here that talks about forming any legal opinion with respect to, at the time that a collection letter is sent or leading up to the time of a collection letter. And when you look at the letter, which is A123, this is just a collection letter. Isn't it premature? I mean, you don't know whether the debtor is gonna ignore it, whether they're gonna reach out and say, hey, can I set up a payment plan, whether they're gonna say, I contest this debt. I mean, you don't really know what the appropriate next step is until you see what happens in response to the letter. Right, well, I think that that was the concern raised in this court in both Greco and Miller, because when you, I think that you really hit it on the head there, Your Honor. That's why, as Judge Moskov said, a law firm is going to get the debtor's knees knocking. They're going to think, they will react differently to a law firm letter than to a, just a collection agency letter. So if you're standing next to a 300-pound gorilla, you're likely to get more than if you're just, you know, the 50-pound weakling. But I'm responding to your point that, your suggestion that the absence of a planned next step at the time the letter goes out is indicative of an absence of meaningful attorney review. And I guess I'm wondering how a good attorney could have the plan for the next step until you see what happens in response to the first step. Well, I think that at the collection letter phase, if you ask me, I think there's almost never meaningful involvement at the time a letter was sent, because- Okay, so that goes back to my colleague's point, that really you always need, in your view, if an attorney is sending one of these letters, they pretty much always need to do one of these Greco disclaimers. Yes, and if you look at this letter, like I said, at page 123, it's not signed by an attorney. It doesn't even have an attorney's name printed on it. And it tells the recipient- Well, it is signed by an attorney. It's signed by the Vanderridge Law Group. It's signed by a group of attorneys. There's no signature block. It's signed by a law firm. Where do you see a signature? On 123, it says, it's the Sierra Vanderridge Law Group, LLT. There's no attorney's name. No, that's right. I understand. I'm just saying, but it's signed by the firm. It says, call the collection supervisor if you have any questions. This was simply a collection activity up until the time of sending the letter. And as we can see from the- You made a reference to the attorney meaningful involvement procedure on page 126. And the procedure does say, the platform is programmed to require the completion of a checklist by an attorney prior to the account being approved for placement, suit, garnishment, or default. I take it you think it would be meaningful attorney involvement prior to suit. But your position is there's really no such thing as attorney meaningful involvement prior to placement because anybody could determine whether it's appropriate for placement. Is that right? Yes, that's correct. I mean, isn't an assumption of this whole idea about meaningful attorney involvement that an attorney reviewing an account for placement brings to bear some more expertise than just a collection officer who's not an attorney would bring? No, I don't think so. There are, not at the initial collection stage. I think once it goes past there, then you're clearly talking about something that would bring an attorney's skill more into play. But when I was first out of college before I went to law school, I worked for one of the Chapter 13 trustees here in the Eastern District of New York who also had a collection practice, high volume. That's the way they all work. I've seen a lot of law firm collection practices. They spit out letters, back in that day it was with the old Gatling gun printer with the line feeds on the side and they would come out by the dozens at lightning speed. I'm having a very hard time with this approach. I think that you're asking us or inviting us to adopt that the amount of time spent by a lawyer is indicative of whether or not it's meaningful review. Yes, but I think it really will be. Have we ever said that in any context? The time spent? So that if a large law firm say spends a minute and on something, however complex or however simple and bills that time that that's not billable because it's not meaningful legal review. You're asking for a pretty dispositive approach that a specific amount of time, very short amount of time categorically cannot qualify, I think, as meaningful review. Well, again, excuse me, Your Honor. I, it's my position that at the collection phase, there will almost never be a meaningful attorney. Maybe I'm interested in the almost part of that. Because if all you're doing is sending a- No, no, no. I want the flip side of the almost, which is when would it be? Well, as I said before, if the attorney sent a memo to the client saying, this is- Oh, a memo. Yes, back to the client or to a supervising attorney. How about a short email? Yes. 10 seconds. Okay. Your position is that if the attorney at the outset, even before sending the collection notice, developed a litigation strategy for future phases of the collection. Right, even if that phase- But you just think that even if it's the attorney deciding to put it in placement, because that's not something you need an attorney to do, it's not meaningful attorney involvement. That's your position. Yes. It's all about litigation. Yeah, and- Is that correct? No, it's all about forming a legal opinion. Forming a litigation-based legal opinion. Yes. Okay. Or a strategy-based. So I think we have your argument. Okay, if I just may point, Your Honor, to page 24 of our reply, of our opening brief, where we were quoting from Miller 1, which was from this court. It says, the analysis turns on, among other things, precisely what information the affidavits reviewed, how much time was spent reviewing plaintiff's file, and whether any legal judgment was involved. That's where I got the- Thank you very much. The time component. Thank you very much. Thank you, Your Honors. Thank you, Mr. Strickler. We'll reserve the decision.